FILED
ASHEVILLE, N.C.

JAN 1 4 2016

U.S. DISTRICT COURT
W. DIST. OF N.C.

**United States District Court**
**For the Western District of North Carolina**

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Case No. 1:15-cr-00109-MR |
| | ) | |
| Curtis Edwin Leyshon, | ) | |
| *Accused.* | ) | |

**Motion to Appeal to a Court of the United States Arising under Article III Section 2**

**Table of Contents**

I. Right of Suffrage in the Constitutions of the several States .................................................. 2

II. Fourteenth Amendment .................................................. 4

  A. Fourteenth Amendment Issues. .................................................. 4

  B. Corporations are "Persons" in the Fourteenth Amendment. .................................................. 6

III. Fifteenth Amendment .................................................. 6

IV. The "STATE OF NORTH CAROLINA" Experimenting .................................................. 7

V. OWNERSHIP OF THE TRUCK FACILITATES THE MOTOR VEHICLE CODE .................................................. 8

VI. 36 CFR § 4.21 is Not a Substantive Rule .................................................. 11

  A. Rules That May Affect My Rights .................................................. 11

VII. RIGHT TO JURY TRIAL .................................................. 11

VIII. Challenge of Subject Matter Jurisdiction—Subject-Matter Jurisdiction Not on the Record USDC .................................................. 13

  A. Subject-Matter Jurisdiction Not on the Record USDC. .................................................. 14

  B. Cases on Subject Matter Jurisdiction, Precedents/ Stare *Decisis* .................................................. 14

    a. "Subject Matter Jurisdiction" Cases. .................................................. 14

    b. Precedents and *Stare Decisis* Supporting Article III "Subject Matter Jurisdiction" Must Be On the Record. .................................................. 16

IX. There is No "Case" Arising Under Article III § 2 .................................................. 17

  A. Standing .................................................. 17

  B. Injury in Fact .................................................. 19

Case 1:15-cr-00109-MR   Document 8   Filed 01/14/16   Page 1 of 26

  D  Article III Jurisdiction. [ From Clinton v. Klayman – 9-15-cv-80388 S.D.Fla.]................19

X.  Right to be Informed of the Nature and Cause of this Alleged "Petty Crime."......................21

XI.  Conclusion.................................................................................................................24

XII.  Certificate of Service. ................................................................................................25

COMES NOW, Curtis Edwin Leyshon (hereafter I, me, my or "Leyshon"), a born again child of God, called to preach the Truth of my Lord and Savior Jesus Christ. I am currently domiciled in North Carolina and My home is Heaven. I am unrepresented, without assistance of counsel, and come as myself. I am an American citizen, white citizen, a Natural Born Native and citizen of North Carolina domiciled in North Carolina, one of the several states guaranteed a republican form of government. And further, my status has been set forth by the Certified Public Record recorded in the Watauga County Register of Deeds office and placed in the record of the trial court. I accept no other status and any attempt to apply any other status is fraud. My status is evidenced by the public record being **Attachment 1—Certificate of Political Status, Citizenship and Allegiance—Watauga County, North Carolina, Book 1818 Pg. 244-247. ("A1—Status").** My Elective Franchise and Right of Suffrage is as a "qualified Elector" and "citizen of North Carolina" is evidenced by **Attachment 2—Right of Suffrage ("A—Right of Suffrage,"** which has been accepted by the State of North Carolina. This Court shall take judicial Notice of both **A1—Status** and **A2—Leyshon's Right of Suffrage.**

### I.  Right of Suffrage in the Constitutions of the several States

Leyshon has unalienable rights secured in the Constitution of North Carolina. I am not a "citizen of the United States" under 14 Stat. 27 memorialized in the 14th Amendment that are using the "public rights" doctrine with no remedies in any constitutional Court.

The question arises where is my right or privilege of suffrage arise under: (1) The Constitution of the United States; or, (2) the constitution of one of the several States, being the

Constitution of North Carolina? The answer is found in *United States v. Anthony*, 24 F.Cas. 829, 829, 830 (Cir.Ct. N.D.N.Y. 1873), to wit:

> The thirteenth, fourteenth and fifteenth amendments were designed mainly for the protection of the newly emancipated negroes, but full effect must, nevertheless, be given to the language employed.
> * * *
> The **right of voting,** or the privilege of voting, is a right or privilege **arising under the constitution of the state**, and not under the constitution of the United States; and second, that a right of the character here involved is not one connected with **citizenship of the United States**.
> * * *
> [I]f rights of a citizen are thereby violated, they are of that fundamental class, **derived from his position as a citizen of the state, and not those** <u>limited rights</u> <u>belonging to him as a citizen of the United States</u>; and such was the decision in *Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823)

In *Kineen v. Wells*, 11 N.E. 916, 918, 919 (Sup.Jud.Ct.Mass. 1887), to wit:
> If the legislature can impose certain restrictions upon one class of voters, and exempt another, what is the limit to its discretion?

> * * *

> The **right or privilege of voting is a right or privilege arising under the constitution of each state, and not under the constitution of the United States.** The voter is entitled to vote in the election of officers of the United States by reason of the fact that he is a voter in the state in which he resides. He exercises this right because he is entitled to by the laws of the state where he offers to exercise it, and not because he is a citizen of the United States. *United States v. Anthony*, 24 F.Cas. 829, 830 (Cir.Ct. N.D.N.Y. 1873)

In *Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823), a case the Circuit Court of the United States has described the privileges and immunities of the citizens of the several States in great detail including this excerpt to which some additional protections under fourteenth Amendment were overlaid but the fundamental right of the elective franchise is still posited in the constitution of one of the several States, to wit:

> [M]ay be mentioned as some of the particular privileges and immunities of citizens, which are clearly embraced by the general description of privileges **deemed to be fundamental**: to which may be added, the **elective franchise, as regulated and established by the laws or constitution of the state in which it is to be exercised.**

## II. Fourteenth Amendment

### A. Fourteenth Amendment Issues.

The Fourteenth Amendment does not have application in the District of Columbia as pronounced in *Wight v. Davidson*, 181 U.S. 371, 384 (1900) "[A]nd in respect to which the jurisdiction of Congress, in matters municipal as well as political, is exclusive, **and not controlled by the provisions of the 14th Amendment.**" See also *Philadelphia B. & W.R. Co. v. Tucker*, 35 App.D.C. 123, 131 (Ct.App. D.C. 1910).

Congress has plenary Powers for the citizens in the District of Columbia and certain issues of the National Government of the United States including the Power to Tax [Internal Revenue], Immigration, Commerce between the several States, etc.; and, the Fourteenth Amendment doesn't apply to the District of Columbia; and, the Bill of Rights Amendments 1-VIII have been held applicable to the District of Columbia but not to the States and this is found in *Nelid v. District of Columbia*, 110 F.2d 246, 256-257 (D.C.Cir. 1940), to wit:

> Power to legislate for the District of Columbia is expressly delegated by the Constitution. Article I, Section 8, Clause 17, gives to Congress power **'To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, * * * .** ' That delegation is sweeping and inclusive in character, to the end that Congress may legislate within the District for every proper purpose of government.[FN5 (cites omitted)] **Within the District of Columbia, there is no division of legislative powers such as exists between the federal and state governments. [FN6 (cites omitted)]** Instead there is a consolidation thereof, [FN7 (cites omitted)], which includes within its breadth all proper powers of legislation. **[FN8 (cites omitted)]** Subject only to those prohibitions of the Constitution which act directly or by implication **[FN9 (cites omitted)]** upon the federal government, **FN10.** Congress possesses full and unlimited jurisdiction **[FN11 (cites omitted)]** to provide for the general welfare of citizens within the District of Columbia by any and every act of legislation, which it may deem conducive to that end. **[FN12 (cites omitted)] In fact, when it legislates for the District, Congress acts as a legislature of national character, [FN13 (cites omitted)] exercising complete legislative control as contrasted with the limited power of a state legislature, on the one hand, and as contrasted with the limited sovereignty which Congress exercises within the boundaries of the**

**states, on the other. [FN14 (cites omitted)].**

**FN10.** See also, *Wight v. Davidson*, 181 U.S. 371, 384, 21 S.Ct. 616, 45 L.Ed. 900, **holding the Fourteenth Amendment inapplicable to the District of Columbia. On the other hand, the rights and liberties protected by the bill of rights (Amendments I to VIII) against encroachment by the national government have been held applicable to the District although not to the states.**

*Ibid @ 256-257*— In *Lappin v. District of Columbia*, 22 App.D.C. 68— cited by appellants— this court, while stating that the Fourteenth Amendment 'does not purport to extend to authority exercised by the United States', used language which is susceptible of the meaning that the equal protection clause of that amendment should be integrated into the law of the District. But there is no reason for confusion upon this point. **The Fourteenth Amendment is not applicable in the District of Columbia. [FN47] To the extent that the privilege of 'equal protection of the laws' exists in the District of Columbia it depends upon the due process clause of the Fifth Amendment and other provisions of the Constitution which are applicable to the federal government.** In a sense it may be said that every citizen **is entitled to the equal protection of the laws as they may be adopted and administered by the federal government throughout the land. But this privilege does not depend upon or arise out of the Fourteenth Amendment.**

**FN47.** *Wight v. Davidson*, 181 U.S. 371, 384, 21 S.Ct. 616, 621, 45 L.Ed. 900: 'It will, therefore, be perceived that there the court below and this court were dealing with a question arising under **the Fourteenth Amendment of the Constitution of the United States, which, in terms, <u>operates only to control action of the states,</u> and <u>does not purport to extend to authority exercised by the government of the United States</u>.**

The limitation on the states under the Fourteenth Amendment and not the

establishment of unalienable rights is found in *Munn v. Illinois*, 94 U.S. 113, 123, 124

(1876), to wit:

> To that part of amendment 14 which ordains that no State shall 'deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.'
> * * *
> While this provision of the amendment is new in the Constitution of the United States, **as a limitation upon the powers of the States**, . . . and by the Fourteenth, **as a guaranty against any encroachment upon an acknowledged right of citizenship by the legislatures of the States.**

### B. Corporations are "Persons" in the Fourteenth Amendment.

This Court will find corporations are "persons" in the "equal protection and due process clauses" of the Fourteenth Amendment, but you will not find "corporations" included as "persons" in the privileges and immunities with the citizens of the several States or included in the unalienable rights of natural persons: but only with the fictional status in the Fourteenth a corporation is acceptable. The Defendants are in "persons" with corporations under the 14th Amendment.

In *Grosjean v. American Press Co.*, 297 U.S. 233, 244 (1936), to wit:

> The word 'liberty' contained in that amendment embraces not only the right of a **person** to be free from physical restraint, but the right to be free in the enjoyment of all his faculties as well. *Allgeyer v. State of Louisiana*, 165 U.S. 578, 589, 17 S.Ct. 427, 41 L.Ed. 832.

> Appellant contends that the **Fourteenth Amendment** does not apply to **corporations**; but this is only partly true. A **corporation, we have held**, is not a 'citizen' within the meaning of the privileges and immunities clause. Paul v. Virginia, 8 Wall, 168, 19 L.Ed. 357. But a **corporation is a 'person' within the meaning of the equal protection and due process of law clauses, which are the clauses involved here.** *Covington & L. Turnpike Road Co. v. Sandford*, 164 U.S. 578, 592, 17 S.Ct. 198, 41 L.Ed. 560; *Smyth v. Ames*, 169 U.S. 466, 522, 18 S.Ct. 418, 42 L.Ed. 819.

In *First National Bank of Boston v. Bellotti*, 436 U.S. 765, 780 FN15 (1978), to wit:

> **FN15**.It has been settled for almost a century that **corporations are persons** within the meaning of the **Fourteenth Amendment**. *Santa Clara County v. Southern Pacific R. Co.*, 118 U.S. 394, 6 S.Ct. 1132, 30 L.Ed. 118 (1886); see *Covington & Lexington Turnpike R. Co. v. Sanford*, 164 U.S. 578, 17 S.Ct. 198, 41 L.Ed. 560 (1896).

### III. Fifteenth Amendment

Does the Fifteenth Amendment[1] confer any right of suffrage on anyone with the answer

---

[1] Section 1. The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude.

being no? In *Le Grand v. United States*, 12 F. 577, 578, 579 (Cir.Ct. E.D.Tx. 1882), to wit:

> The fifteenth amendment can have no application. That amendment relates to the right of citizens of the United States to vote. It *579 does not confer the right of suffrage on any one. It merely invests citizens of the United States with the constitutional right of exemption from discrimination in the exercise of the elective franchise on account of race, color, or previous condition of servitude. *U.S. v. Reese*, 92 U.S. 214 (1875); *U.S. v. Cruikshank*, 92 U.S. 542 (1875); S.C. 1 Woods, 322.

## IV. The "STATE OF NORTH CAROLINA" Experimenting

This Court (sic) is experimenting and acting *ultra vires* as evidenced by *In re Oliver*, 333

U.S. 257, 280 (1948), to wit:

> "The **case demonstrates how far this Court departed from our constitutional plan** when, after the **Fourteenth Amendment's adoption [citizens of the United States]**, it permitted **selective departure by the states** from the scheme of ordered personal liberty established by the Bill of Rights. FN6. In the guise of permitting the states to experiment with improving the administration of justice, **the Court left them free to substitute, 'in spite of the absolutism of continental governments,' their 'ideas and processes of civil justice' in place of the time-tried 'principles and institutions of the common law'** FN7, perpetuated for us in the Bill of Rights. Only by an exercise of this freedom has Michigan been enabled to adopt and apply her scheme as was done in this case. It is the immediate offspring of *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, and later like cases. FN8 (FN6, 7, 8 omitted) * * * So long as they stand, so long as the Bill of Rights is regarded here as a strait jacket of Eighteenth Century procedures rather than a basic charter of personal liberty, **like experimentations may be expected from the states. And <u>the only check against their effectiveness will be the agreement of a majority of this Court that the experiment violates fundamental notions of justice in civilized society.</u>**

I have unalienable rights from the Creator as evidenced in the Declaration of

Independence and I have limited delegation of Power as evidenced in the Constitution of North

Carolina with its Bill of Rights and the Constitution of the United States and its Bill of Rights.

The Constitution of the United States guarantees that all Officers of the United States will not

---

Section 2. The Congress shall have power to enforce this article by appropriate legislation.

violate my God given rights without strictly adhering to Due Process of Law and the Limited Delegation of Power within the Constitution of the United States. All the Officers of the United States of government who participate in this matter have sworn to GOD to uphold my God given rights secured in the Constitution of the United States and the Constitution of North Carolina. Numbers 30:2 says your oath is bound to your soul. Anyone involved that does not perform their oath/duty is a liar and shall find the wrath of GOD on their soul and give an account for these actions.

## V. OWNERSHIP OF THE TRUCK FACILITATES THE MOTOR VEHICLE CODE

I bought my 1987 Dodge pickup, blue in color, with the understanding that it was my truck, being possession, right of possession and right of property. In North Carolina, one of the several states guaranteed a republican form of government, I have the unalienable right to own property. I have not contracted away my right to property, my truck. It is not a motor vehicle unless it is used for commerce as seen in 18 USC § 31(a)(6), to wit:

> Motor vehicle.--**The term "motor vehicle" means every** description of **carriage or other contrivance** propelled or drawn by mechanical power and **used for commercial purposes** on the highways in the transportation of passengers, passengers and property, or property or cargo.

My truck is not any kind of "**carriage or other contrivance**" "**used for commercial purposes**". Title 18 of the United States Code is the legislative mandate for crimes and criminal procedure. I am charged with a petty crime, but none the less a crime. This action has been informed to me as criminal. So the legislative mandate (the law) concerning this charge, particularly 18 USC § 31(a)(6) must be applied.

I have learned that the STATE OF NORTH CAROLINA, a legal fiction, a corporation, not North Carolina, one of the several states, has stolen ownership of my property, in their words by a "statutory scheme", or better said a scam. In *American Clipper v. Howerton,* 311 NC 151

the court held, to wit:

> The statute is one segment of an entire statutory scheme of "police regulations designed and intended to provide a simple expeditious mode of tracing titles to motor vehicles so as to (1) **facilitate the enforcement of our highway safety statutes**,

The statute it refers to is NCGS 20-52.1.

> (c) Upon sale of a new vehicle by a dealer to a consumer-purchaser, **the dealer shall execute** in the presence of a person authorized to administer oaths, **an assignment of the manufacturer's certificate of origin for the vehicle including in such assignment the name and address of the transferee and no title to a new motor vehicle** acquired by a dealer under the provisions of subsections (a) and (b) of this section **shall pass or vest until such assignment is executed** and the motor vehicle delivered to the transferee.

So it is clear from this North Carolina General Statute that the Manufacturer's Certificate of Origin(MSO) must be assigned to the transferee and no title shall pass until the Manufacturers Certificate of Origin has been assigned to the transferee.

The North Carolina Division of Motor Vehicles (DMV) have all MSO's for cars and trucks sold in North Carolina in Raleigh, North Carolina, so they are the transferee.

I have attached copies of two MSO's evidenced by **Attachment 3—MSO** and **Attachment 4—MSO**. They both document that it is property of the manufacturer on the front page and the back page list any security interest and the manufacturer warrants the title. The MSO is the ownership document.

In *American Clipper v. Howerton,* supra, the court held 4 interest in the property, to wit:

> "The question as the parties have put it is whether Clipper has a "right to ownership, **title**, possession or a security interest with respect to said vehicle ....""

The only document I have is title, or certificate of title, which only gives me right of possession.

But the state thru this fraud, which I am not party to, has the MSO ownership document, which according to *American Clipper v. Howerton,* supra, "**facilitate** the enforcement of our

**highway safety statutes**". Black's Law, 9th edition defines "**facilitate**" "to make easier". Without this scam the motor vehicle code or "**highway safety statutes**" has no effect on me or my truck. No one, including me, would ever abide knowingly or willingly with this scam. Government is relying on the people's ignorance. I am not ignorant.

NCGS § 14-100. Obtaining property by false pretenses makes it a crime to deprive me of my property right s in this manner, to wit:

> (a) **If any person shall knowingly and designedly by means of any kind of false pretense whatsoever**, whether the false pretense is of a past or subsisting fact or of a future fulfillment or event, **obtain or attempt to obtain from any person within this State any** money, goods, **property**, services, chose in action, or other thing of value **with intent to cheat or defraud any person of such** money, goods, **property**, services, chose in action or other thing of value, **such person shall be guilty of a felony**

So it appears the STATE OF NORTH CAROLINA has stolen my truck by fraud.

The questions I have for this court pertaining to my right to property are:

1. In a government established by the people and delegated authority to protect their life, liberty, and property, what authority does this court rely on to deprive me of my God given right to property?

2. Is this court going to take part in the theft of my property that has been taken by fraud?

3. Is the definition of motor vehicle at 18 USC § 31(a)(6) applicable in this criminal charge? If not, why not?

4. Does this court deny I only have certificate of title which only gives me interest in possession of the truck?

5. Does this court deny that the STATE OF NORTH CAROLINA, a legal fiction, a corporation, is the transferee by fraud and owner of the property by fraud that I bought as my property?

6. Does this court recognize that my truck is not a motor vehicle as fraudulently claimed?

## VI.   36 CFR § 4.21 is Not a Substantive Rule

### A.  Rules That May Affect My Rights

I was charged with violating 36 CFR § 4.21.  In order for this regulation to be a substantive regulation that can affect my constitutionally secured rights it must be in compliance with 1 CFR § 21.40, 1 CFR § 21.41 and **1 CFR § 21.43**. It is not. There is no specific statutory authority behind the table of contents as required in the Administrative Regulations.

Also, 36 CFR § 4.21 must be in compliance with the Administrative Procedures Act of 1946, specifically 5 USC § 553(b)(c)(d), as held in *Chrysler Corp. v. Brown*, 441 U.S. 281 (1979) to have the "force and effect of law."[2]  In 36 CFR § 4.21, it's source of authority lists two federal register pages, 52 FR 10683, April 2, 1987 and 80 FR 36476, June 25, 2015. At 52 FR 10683 it makes no mention of 5 USC § 553 which precludes it from being a substantive regulation. At 80 FR 36476 it states "We have determined under 5 U.S.C. **553(b)** and 318 DM HB 5.3, however, that notice and public comment for this rule are not required....," which clearly precludes the "force and effect of law" required in *Chrysler Corp., supra.*

The questions I have for this court concerning 36 CFR § 4.21 are:

1. Is 36 CFR § 4.21 a substantive regulation having force and effect of law as prescribed by *Chrysler Corp.*, supra. ?

2. If yes, how?

## VII.  RIGHT TO JURY TRIAL

The Sixth Amendment of the Constitution of the United authorizes "**In all criminal**

---

[2] *Production Tool Corp. v. Employment and Training Administration, U.S. Dept. of Labor*, 688 F.2d 1161, 1165 (7th Cir. 1982) citing the holdings in *Chrysler v. Brown*, "Legislative rules are said to have the "force and effect of law"-i.e., they are as binding on the courts as any statute enacted by Congress. *Chrysler*, 441 U.S. at 295, 99 S.Ct. at 1714."

**prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury....**" In Article III, § 2, clause 3 of the Constitution of the United States, it is provided that "**the trial of all crimes, except in cases of impeachment, shall be by jury**". This case has been identified as a criminal prosecution. All means all, each and everyone. *Expressio unius est exclusio alterius.* There is no exception to this requirement of a jury trial, even for petty crimes, which has yet to be disclosed what it actually consists of yet.

My status is in the record and it shows that I am not a citizen of the United States as codified in 42 USC § 1982 it states "**All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property**." I am a white man, *i.e.*, white citizen not to be confused with the "citizen of the United States" scam enacted in 14 Stat. 27 and memorialized in the Fourteenth Amendment "and subject to the jurisdiction thereof."

All the cases that I have seen that authorize the withholding of a jury trial for petty crimes revolve around the 14th amendment which does not apply to me as my certificate of status settles, being unchallenged to day. The holdings by the courts of the District of Columbia, which do not apply to me, or the charge of criminal contempt, which I am not charged.

The question I have concerning my right to a jury trial in this criminal case are:

1. What authority does this court rely on that is superior to the constitutional requirement of a jury trial for **all** crimes which includes petty crimes?

2. Does this court take judicial notice of my certificate of status?

3. If not what evidence does this court have on the record that I am of another status?

4. If yes, what is my status according to this court?

5. I have found no definition of "petty crime" that I am allegedly being charged with?

Does it exist?

## VIII. Challenge of Subject Matter Jurisdiction—Subject-Matter Jurisdiction Not on the Record USDC

The court that held that this trial (sic) always claiming it was exercising authority arising under Article III § 2 in all cases in Law and Equity exercising the judicial Power of the United States. The court also stated that it's "subject matter jurisdiction" arose under 36 CFR § 4.21, a mere administrative regulation.  This is merely an empty incantation—a mere conjurer's trick that serves to obfuscate  the mandatory issues for the limited jurisdictional of the federal courts (USDCs and Courts of Appeals) within the several States arising under Article III § 2 of the Constitution of the United States "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States" and 28 U.S.C. § 1331."

It well settled that Administrative regulations are not properly judicial as held in *Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701 (1926), *supra*, to wit:

> The distinction between the jurisdiction of this court which is confined to the hearing and decision of cases in the constitutional sense and that of **administrative action and decision, power for which may be conferred upon courts of the District** is shown in the case of *Keller v. Potomac Electric Company*, 261 U. S. 428, 440, 442, 443, (1923).  There it is pointed out that, while Congress in its constitutional exercise of exclusive legislation over the District may clothe the courts of the District, not only with the jurisdiction and powers of the federal courts in the several states, but also with such authority as a state might confer on her courts (*Prentis v. Atlantic Coast Line Company*, 211 U. S. 210, 225, 226, (1908)), **and so may vest courts of the District with administrative or legislative functions which are not properly judicial, it may not do so with this court, or any federal court established under article 3 of the Constitution**.  Of the jurisdiction of this court, we said, at page 444 of 261 U. S. (43 S. Ct. 449):
> '**Such legislative or administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or by appeal.**  The latest and fullest authority upon this point is to be found in the opinion of Mr. Justice Day, speaking for the court in *Muskrat v. United States*, 219 U. S. 346 (1902).  **The principle there recognized and enforced on reason and authority is that the jurisdiction of this court and of the inferior courts of the United States ordained and established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial power is capable of acting on them, and does not extend to an issue of constitutional law framed by**

**Congress for the purpose of invoking the advice of this court without real parties or a real case, or to administrative or legislative issues or controversies.**

It is clear from the holdings of *Postum Cereal Co. Inc*, supra, that article III courts, which the trial court claimed to exercise, cannot be conferred administrative jurisdiction, which would be required for an administrative regulation.

**A. Subject-Matter Jurisdiction Not on the Record USDC.**

The decision by this Court is in conflict the Decisions of the Supreme Court of the United States wherein the Federal Courts within the Territorial Boundaries of the several States are courts of limited jurisdiction arising under Article III § 2 Clause 1, being the limited jurisdiction of the Courts of the United States outside of the District of Columbia, of the Constitution of the United States exercising the judicial Power of the United States to all Cases, in Law and Equity; and, the issue of subject-matter jurisdiction can be raised at any time; and, the subject-matter jurisdiction must be on the record. The subject-matter jurisdiction arising under Article III § 2 does NOT appear in the record in the District of Oklahoma in the United States District Court ("USDC") or in the Tenth Circuit Court of Appeals and was unopposed in the Appellee's Brief.

**B. Cases on Subject Matter Jurisdiction, Precedents/ Stare *Decisis***

It is well settled that "subject matter jurisdiction" must be on Record arising under Article III is binding on the USDC in North Carolina and the 4th Circuit on all Cases arising under Article III § 2 jurisdiction supported by precedents and *stare decisis.*

**a. "Subject Matter Jurisdiction" Cases.**

The Appellant is relying upon many decisions of the Supreme Court of the United States but one of many on-point Decisions of the Supreme Court of the Untied States is *Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2014 (1982), to wit:

**Federal courts are courts of limited jurisdiction.** The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. <u>Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction.</u> Again, this reflects the **constitutional source of federal judicial power:** * * *

**Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign.** Certain legal consequences directly follow from this. <u>For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant,</u> *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), principles of estoppel do not apply, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951), <u>and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings</u>. Similarly, a court, including an appellate court, <u>will raise lack of subject-matter jurisdiction on its own motion. "[T]he rule, springing from the nature and limits of the judicial power of the United States is inflexible and without exception, which requires this court, of its own motion, to deny its jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record."</u> *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884).

The District Court of the District of Columbia, like the 'inferior courts' established by Congress under Art. III, s 1, of the Constitution, has the characteristics of a bona fide Article III court (O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct. 740, 77 L.Ed. 1356), even though it possesses powers that Article III courts could not exercise. Congress, acting under its plenary power granted by Art. I, s 8, to legislate for the District of Columbia, has from time to time vested in the courts of the District administrative and even legislative powers prohibited in the Courts of the United in the several States. See, e.g., *Keller v. Potomac Electric* Co., 261 U.S. 428, 440--443, 43 S.Ct. 445, 447--448, 67 L.Ed. 731 (review of rate making); *Postum Cereal Co. v. California Fig Nut Co.*, 272 U.S. 693, 698--701, 47 S.Ct. 284, 285--286, 71 L.Ed. 478 (patent and trademark appeals); *Federal Radio Comm. v. General Electric Co.*, 281 U.S. 464, 467--468, 50 S.Ct. 389, 390, 74 L.Ed. 969 (review of radio station licensing; cf. *Federal Radio Comm. v. Nelson Bros. Bond & Mortgage Co.*, 289 U.S. 266, 274--278, 53 S.Ct. 627, 631--633, 77 L.Ed.

### b. Precedents and *Stare Decisis* Supporting Article III "Subject Matter Jurisdiction" Must Be On the Record.

"*Stare decisis* is the preferred course because it promotes the evenhanded, predictable and consistent development of legal principles, fosters reliance on judicial decisions, contributes to the actual perceived integrity of the judicial process" *Payne v. Tennessee*, 501 U.S. 808, 827-828 (1991)[3]; and, [held] "[B]y *stare decisis* doctrine, ensures that the law will not merely change erratically, but will develop in a principled and intelligible fashion" * * * "That doctrine permits society to presume that bedrock principles are founded in the law rather than in the proclivities of individuals, and thereby contributes to the integrity of our constitutional system of government, both in appearance and in fact." *Vasquez v. Hillery*, 474 U.S. 254, 254, 265-266 (1986)[4]; and, [held] @ 164 "*Stare decisis* compels the Court to adhere to that interpretation absent some "special justification" not to do so" @172 "The Court has said often and with great emphasis that "the doctrine of *stare decisis* is of fundamental importance to the rule of law."" "[I]t is indisputable that *stare decisis* is a basic self-governing principle within the Judicial Branch, which is entrusted with the sensitive and difficult task of fashioning and preserving a jurisprudential system that is not based upon "an arbitrary discretion."" *Patterson v. McLean Credit Union*, 491 U.S. 164, 164, 172 (1989); and, "Considerations in favor of *stare decisis* are at their[5] acme in cases involving property and contract rights, where reliance interests are involved." [additional Supreme Court case cites omitted] *Payne v. Tennessee*, 501 U.S. 808, 828 (1991)[FN Omitted] "[I]n most matters it is more important that the applicable rule of law be settled than that it be settled right" *Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 406 (1932) (*Brandeis, J., dissenting*); "The doctrine of *stare decisis* ... has only a limited application in the field of constitutional law." *St. Joseph Stock Yards Co. v. United States*, 298 U.S. 38, 94 (1936) (Stone and Cardozo, JJ., concurring in result); and, "Adherence to "our precedent-based system of justice places a premium on finality, stability, and certainty in the law...." *Id.* citing *Hubbard v. United States*, 514 U.S. 695, 711, (1995) in *Arewcibo Community Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17 (1ˢᵗ Cir. 2001); "And we have often recognized that in just those contexts—"cases involving property and contract rights"—considerations favoring *stare decisis* are "at their acme." *Kimble v. Marvel Entertainment*, 135 S.Ct. 2401 [held @ 2404], 2410 (2015); and, "Fidelity to precedent—the policy of *stare decisis*—**is vital to the proper exercise of the judicial function** . . . **For these reasons, we have long recognized that departures from precedent are inappropriate in the absence of a "special justification."** *Arizona v. Rumsey*, 467 U.S. 203, 212, (1984)" *Citizens United v. Federal Election Commission*, 558 U.S. 310, 377 (2010); and, "[E]ven in constitutional cases, the doctrine carries such persuasive force that we have always required a departure from precedent to be supported by some 'special justification.' *United States v. International Business Machines Corp.*, 517 U.S. 843, 856, (1996)" *Dickerson v. United States*, 530 U.S. 426, 433 (2000); "That doctrine [*stare*

---

[3] *Hohn v. United States*, 524 U.S. 236 (1998); *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997).

[4] *Vasquez v. Hillery*, 474 U.S. 254, 265 (1986).

[5] *Pearson v. Callahan*, 555 U.S. 223, 233 (2009); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997).

*decisis*], we have stated, is a "foundation stone of the rule of law." *Michigan v. Bay Mills Indian Community*, 134 S.Ct. 2024, 2036, (2014)." *Harris v. Quinn*, 134 S.Ct. 2618, 2651 (2014); "Considerations of *stare decisis* have special force in the area of statutory interpretation . . . *Patterson v. McLean Credit Union*, 491 U.S. 164, 172–173, (1989)." *Hohn v. United States*, 524 U.S. 236, 251, 252 (1998).

In *Thurston Motor Lines v. Rand*, 460 U.S. 533, 535 (1983) (per curiam) "Needless to say, **only this Court may overrule one of its precedents**.[6]" In *United States v. Barnett*, 578 F.3d 600, 602 (8th Cir. 2009) ""[O]nly [the Supreme Court] may overrule one of its precedents." *Thurston Motor Lines v. Rand*, 460 U.S. 533, 535 (1983)."

In *Wallace v. Jaffree*, 432 U.S. 38, FN 26 "Federal district courts and circuit courts are bound to adhere to the controlling decisions of the Supreme Court . . . **unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be,**'"

## IX.  There is No "Case" Arising Under Article III § 2

There is no firm judgment amount of any alleged "petty crime" due and owing arising under Article III determined by the Judge of the USDC in North Carolina, which denies a bona fide Article III court within the several States "subject matter jurisdiction" starting with the *Hayburn's Case*, 2 U.S. 408 (1792); *United States v. Ferreira*, 54 U.S. 40, 52-53 (1851); *Muskrat v. United States*, 219 U.S. 346, 353, 356 (1902); *Buckley v. Valeo*, 424 U.S. 1, 123 (1976); *Mistretta v. United States*, 488 U.S. 361, 385 (1989); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 217 *et. seq.* (1995); *Morrison v. Olson*, 487 U.S. 654, 677-78 (1988).

The question I have concerning the courts alleged subject matter jurisdiction is:

1. How does this court adjudicate administrative regulations when forbidden by the Supreme Court remembering that they do not have the "force and effect of law" as evidenced by holdings in *Chrysler v. Brown*, 441 U.S. § 281 (1979).

## A. Standing

Federal courts are of limited jurisdiction and are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution. *Lance*

---

[6] *Hodgson v. State of Minnesota*, 646 F.Supp. 756, 774 (D.C.Minn. 1986).

v. *Coffman,* 549 U.S. 437, 439 (2007). Article III of the Constitution confines the "judicial Power" of the United States to "Cases" and "Controversies." U.S. Const. art. III, § 2. Court of the United States "have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102 (1998). "The 'irreducible constitutional minimum of standing' contains three requirements": (1) "an 'injury in fact' - a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent, not 'conjectural' or 'hypothetical;'" (2) causation - a fairly traceable connection between the plaintiffs injury and the complained-of conduct of the defendant;" and (3) "redressability - a likelihood that the requested relief will redress the alleged injury." *Id.* at 102-03 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)); *see also Vermont Agency of Natural Res. v. US. ex rel. Stevens,* 529 U.S. 765, 771 (2000); *Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990).

Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing. Thus, the Supreme Court has held that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499 (1975). In addition, "federal courts have abjured appeals to their authority which would convert the judicial process into 'no more than a vehicle for the vindication of the value interests of concerned bystanders.'" *Valley Forge Christian Coll. v. Americans United/or Separation of Church & State, Inc.,* 454 U.S. 464, 473 (1982) (quoting *United States v. Students Challenging Regulatory Agency Procedures (SCRAP),* 412 U.S. 669, 687 (1973)). Therefore, "even when the plaintiff has alleged redressable injury sufficient to meet the requirements of Article III, the court has refrained from adjudicating 'abstract questions of wide public significance,' which amount to

'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches."*Id.* at 4 74-75.

Finally, the law presumes that "a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994) (citation omitted). If the Plaintiff alleges standing under the public rights doctrine the Plaintiff bears the burden to prove this court is grounded in a historically recognized distinction between matters that could be conclusively determined by the Executive and Legislative Branches and matters that are "inherently ... judicial." *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, (1982) (quoting *Ex parte Bakelite Corp.,* 279 U.S., at 458, 49 S.Ct., at 416.)

## B.  Injury in Fact

Article III requires the party invoking the Court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," *Gladstone Realtors v. Viii. of Bellwood,* 441 U.S. 91, 99 (1979), and that the injury can be "fairly ... traced to the challenged action of the defendant." *Simon v. E. Kentucky Welfare Rights Org.,* 426 U.S. 26, 41 (1976).

## D  Article III Jurisdiction. [ From Clinton v. Klayman – 9-15-cv-80388 S.D.Fla.]

Isn't this Alleged Court that claims it arising under Article III § 2 subject to the same limitations that were granted to the Clintons?  The alleged Judgment (sic) was **NOT** arising under **Article III § 2 for all Cases in Law and Equity exercising the Judicial Power of the United States requiring an "injury-in-fact" and bona fide Article III Standing established by the Plaintiff [USA]** pronounced by the judge appointed by Bill Clinton in *Clinton v. Klayman* – 9-15-cv-80388 S.D.Fla, Docket 96, pgs 5-6 with this excerpt evidenced by **Docket 96, pg. 5-6** [dismissed the case] (It worked to protect the Clintons so how about the Greens?).   The

following is an excerpt which this Court shall take judicial Notice thereof, to wit:

Federal courts are of limited jurisdiction and are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution. *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Article III of the Constitution confines the "judicial Power" of the United States to "**Cases**" and "**Controversies**." Constitution of the United States Article III, § 2. Federal courts "have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). "The 'irreducible constitutional minimum of standing' contains three requirements": **(1)** "an 'injury in fact' - a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent, not 'conjectural' or 'hypothetical;'" **(2)** causation - a fairly traceable connection between the plaintiffs injury and the complained-of conduct of the defendant;" and **(3)** "redressability - a likelihood that the requested relief will redress the alleged injury." Id. at 102-03 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); see also *Vermont Agency of Natural Res. v. US. ex rel. Stevens*, 529 U.S. 765, 771 (2000); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the **question of standing**. Thus, the Supreme Court has held that "**the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.**" *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In addition, "federal courts have abjured appeals to their authority which would convert the judicial process into 'no more than a vehicle for the vindication of the value interests of concerned bystanders.'" *Valley Forge Christian Coll. v. Americans United/*or *Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982) (quoting *United States v. Students Challenging Regulatory Agency Procedures* (SCRAP), 412 U.S. 669, 687 (1973)). Therefore, "even when the plaintiff has alleged redressable injury sufficient to meet the requirements of Article III, the court has refrained from adjudicating 'abstract questions of wide public significance,' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." Id. at 4 74-75. Finally, the law presumes that "a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citation omitted).

Similarly, it is unknown whether the contents of any alleged records would be of any interest to the public. Even assuming such records exist and are of interest to the public, it is unclear whether such public interest would translate into public support of Plaintiff. Finally, if all of this somehow garnered public support for Plaintiff, it is unclear how such public support would translate into financial support. "**[P]urely speculative, nonconcrete injuries" are insufficient to establish an injury in fact for purposes of Article III standing**. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 556, 112 S. Ct. 2130, 2134, 119 L. Ed. 2d 351 (1992). Further, "a possible financial loss is not by itself a sufficient interest

to sustain a judicial challenge." *Abbott Labs. v. Gardner*, 387 U.S. 136, 153 (1967), overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977)); see also *Love Church v. City of Evanston*, 896 F.2d 1082, 1086 (7th Cir. 1990) ("Claims of such vague economic harm are precisely the type of 'abstract' or 'conjectural' allegations spumed by the Supreme Court in Warth," and "cannot constitute distinct and palpable injury for purposes of standing."). Accordingly, **the Party has not met his burden of demonstrating an injury to establish Article III standing to bring this case.**

### Injury in Fact

Article III requires the party invoking the Court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99 (1979), and that the injury can be "fairly ... traced to the challenged action of the defendant." *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 41 (1976). Relying solely upon the allegations in the Amended Complaint, it would be difficult to ascertain what injury Defendants' putatively illegal conduct caused Plaintiff. However, when pressed by Defendants' Motions to Dismiss, Plaintiff points to two specific injuries in fact: (1) "Defendants are liable to Plaintiff for theft in taking and refusing to tum over property belonging to Plaintiff;" and (2) that Plaintiff "has been harmed in his business or property."

Relying solely upon the allegations in the violation notice, it would be impossible to ascertain what injury through putatively illegal conduct I caused the alleged Plaintiff clothed as an unidentified "petty crime" or "petty offense" as a Law of the United States.

The questions I have concerning standing is:

1. What injury in fact has the Plaintiff sustained that can be traced to any of my actions?

2. What is the "petty crime" statute with its fines or confinement authorized by a Law of the United States?"

This Court shall take judicial Notice of the Laws of the United States as evidenced in **Attachment 6—Judicial Notice of the Laws of the United States.**

### X.  Right to be Informed of the Nature and Cause of this Alleged "Petty Crime."

The Sixth Amendment to the Constitution of the United States guarantees me, the accused, the right to be informed of nature and cause of the accusation in bona fide Courts of the

United States arising under Article III § 2. At the initial appearance before Judge Howell 8/12 2015 he informed me of my right to assistance of counsel but refused to answer my questions.

At my next hearing on 10/14/2015 before Judge Keesler he again informed me of my right to assistance but he also refused to answer my questions.

At my next hearing on 12/9/2015 again before Judge Howell, I brought a motion to be informed of 15 questions concerning this charge. I gave the motion to Judge Howell and the DOJ attorney in open court in order to acquire enough information to defend myself. The motion was not entered in the record until 12/15/2015, the same day my certificate of status was entered in the record although the certificate of status was filed in the clerk's office on 8/12/2015. So documents that were presented to the court were not entered into the record until 6 days after the trial. These facts are proven in the docket sheet as evidenced in **Attachment 5—Docket Sheet.** These documents are required to be in the Record of all Courts of the United States arising under Article III § 2.

Judge Howell answered questions 1,2,3,4 and 10. He then refused to address any other question depriving myself of any opportunity to make an informed defense.

NCGS § 15A-1242 Defendant's election to represent himself at trial mandates that a judge make sure a pro se litigant comprehends the nature of the charges and proceedings, to wit:

> <u>A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant</u>:
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
> (2) Understands and appreciates the consequences of this decision; and
> (3<u>) Comprehends the nature of the charges and proceedings</u> and the range of permissible punishments.

So Judge Howell refused to inform me of the information that is required in a North

Carolina Court in order for me to make an informed defense.

The Federal Rules of Criminal Procedure, at rule 58(c)(1) mandates the trial judge makes sure that Leyshon understand the nature of the charge before allowing a defendant (sic) plead guilty to a petty charge or to proceed with an alleged Trial (sic), to wit.

> (c) **Additional Procedures in Certain Petty Offense Cases**. The following procedures also apply in a case involving a petty offense for which no sentence of imprisonment will be imposed:
> (1) Guilty or Nolo Contendere Plea. **The court must not accept a guilty or nolo contendere plea unless satisfied that the defendant understands the nature of the charge** and the maximum possible penalty.

The fact is Judge Howell refused to answer the questions in the motion to be informed. Period.

The question I have concerning my right to be informed of nature and cause are:

1. Do I have to plead guilty per rule 58 in order to have the right to be informed of the accusation?

2. Do I lose my constitutional secured rights guaranteed in the Constitution of the United States and the Constitution of North Carolina in Court in this USDC in North Carolina when I go to Federal Court in North Carolina?

3. What authority superior to the Constitution of the United States allows Judge Howell to not inform me of nature of the charges?

## JUDGEMENT ORDER

Judge Howell's judgement order has no opinion supported by any fact of law. It does not address any of the issues that I have raised at any hearing. It does not so much as notify me that I was found guilty. It merely has the amount of money he seeks to extract form me.

## XI. Conclusion

Judge Howell is in reality merely an Inquisitor[7] conducting an Inquisition that is merely an empty incantation—a mere conjurer's trick that serves to obfuscate the mandatory issues for the limited jurisdictional of the federal courts (USDCs and Courts of Appeals) within the several States arising under Article III § 2 of the Constitution of the United States "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States" and 28 U.S.C. § 1331." Inquisitor Howell is openly *ultra vires* in this alleged trial (sic.)

Therefore, Inquisitor Howell is mandated to dismiss this instant Inquisition with prejudice as (1) "subject matter jurisdiction" arising under Article III § 2 must be on the Record, (2) The "Law of the United States" must be identified in any alleged Charge be it civil or criminal or petty crime (sic), (3) The Constitutional and Statutory Authority for a bona fide Judge of the United States exercising the judicial Power of the United States must be in the Record to adjudicate merely administrative regulations (4) the USDC judge or Inquisitor arising under Article III § 2 is bound by the precedents and *stare decisis* of the Supreme Court of the United States concerning Article III § 2 Courts of the United states are *sine qua non* for any civil or criminal charges to proceed arising under a bona filed Article III § 2 Court of the United

---

[7] In *Laskowski v. Spellingings*, 443 F.3d 930, 941 (7th Cir. 2006), wherein the Seventh Circuit distinguishes the difference between a adversarial system and an inquisitorial system concerning plaintiff taxpayers with an inquisitor, to wit:

> It should not be undertaken in the absence of an actual claim for this form of relief and full briefing by the parties. *See McNeil v. Wisconsin*, 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) ("**What makes a system adversarial rather than inquisitorial** is ... the **presence of a judge who does not** (<u>**as an inquisitor does**</u>) <u>**conduct the factual and legal investigation himself**</u>, but instead **decides on the basis of facts and arguments pro and con adduced by the parties.**").

States in the several States outside of the District of Columbia exercising the judicial Power of the United States. Wherein NONE of these essential elements exist in this instant Inquisition, therein flows *a fortiori* that this Inquisition be dismissed with prejudice forthwith as it is totally *ultra vires* of of any Case arising under Article III § 2 of the Constitution of the United States.

This Court shall take judicial Notice of all Cases and Attachments.

My Hand,

## XII. Certificate of Service.

I certify that a copy of this Motion and attachments were either delivered personally or mailed via USPS first class to the following parties:

**David Andrew Thorneloe**
**US Attorney's Office**
**100 Otis Street**
**Room 233**
**Asheville, NC 28801**
**and**

Date: January 15th, 2015

_____
Signature

**United States District Court**
**For the Western District of North Carolina**

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff,* | ) | |
| v. | ) | **Case No. 1:15-cr-00109-MR** |
| | ) | |
| Curtis Edwin Leyshon, | ) | |
| *Accused.* | ) | |

**Judicial Notice of the Laws of the United States, the Constitution of the United States, *Stare Decisis*, Precedents and Holdings of the Constitutional Courts Arising Under Article III § 2**

Comes now, Curtis Edwin Leyshon that this United States District Court for the Western District of North Carolina ("USDC") of the United States shall take Judicial Notice of the Laws of the United States (Statutes of the United States) and the Constitution of the United States.

And further, this USDC of the United States shall take judicial Notice of all of the *stare decisis*, precedents and holdings of the constitutional federal Courts of limited jurisdiction arising under Article III § 2 of the Constitution of the United States exercising the judicial Power of the United States in all Cases and Controversies and as codified in 28 U.S.C. § 1331.

And further, this USDC of the United States shall take judicial Notice of the publications in the Federal Register including all "substantive regulations" promulgated in accord with holdings of *Chrysler v. Brown*, 441 U.S. 281 (1979).

My Hand,

*Curtis Edwin Leyshon*
Curtis Edwin Leyshon